IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHONDRELL STEPHENSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 21 cv 338 |
| CITY OF CHICAGO, ET AL., | ) Honorable Sharon Johnson Coleman |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Plaintiff, SHONDRELL STEPHENSON, by and through counsel, Brandon Brown, The Brown Law Ltd., with the instant response in opposition to Defendant's Motion to Dismiss, and respectfully requests that the Defendant's motion be denied. In support thereof, Plaintiff state as follows:

**Introduction and Factual Background**

The instant action is a police misconduct case arising from a July 4, 2017 incident when and where Plaintiff Shondrell Stephenson, while at a private Fourth of July cookout was falsely arrested. After arresting the Plaintiff, Defendant Officers Ortiz and Altenbach commenced criminal proceedings against Plaintiff Stephenson without probable cause or legal justification. At the time, the Defendants knew that there was no cause or justification to commence such proceedings against the Plaintiff. Defendant Officers did so willfully and wantonly in order to cover up their misconduct. Plaintiff alleges, *inter alia*, Unlawful Pre-Trial Detention, Malicious Prosecution and Conspiracy to Deprive Constitutional Rights. Plaintiffs filed suit under 42 U.S.C. § 1983 against the City of Chicago and the Defendant Officers.

## Legal Standard

The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 (7th Cir. 1996). In determining whether to grant a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). The federal notice pleading standard requires only that "a complaint state the plaintiff's legal claim ... together with some indication ... of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). A court will grant a motion to dismiss only if the plaintiff cannot prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## Argument

### I. Plaintiff's Complaint is Well-Pleaded

The Fourth Amendment prohibits government officials from detaining a person without probable cause, and continues to govern claims for unlawful pretrial detention even beyond the start of legal process. *Manuel v. City of Joliet*, 137 S.Ct. 911, 918 (2017). Defendants have moved to dismiss the complaint on three grounds: first, that the Plaintiff failed to state a plausible claim to relief, second that the section 1983 claims of false arrest and illegal seizure and state law claims of false arrest arrest/imprisonment are time barred and lastly the conspiracy claim is precluded by the intracorporate doctrine of qualified immunity. The Plaintiff's has stated a more than plausible claim for relief and the intracorporate doctrine of qualified immunity does not apply to the case at hand.

### A. Plaintiff's Claim is Plausible

The Defendants argue that the Plaintiff's claim is not plausible. The Defendant contends that the mere fact that the Plaintiff was at a cookout at a private residence on the Fourth of July is insufficient. The Defendant contends that the Plaintiff does not identify the Defendant Officers' justification for arresting the Plaintiff and does not identity the events that occurred prior to the Plaintiff's arrest. The Defendants' position is illogical and asks the Plaintiff to take the antithetical position that the Defendant Officers were justified in arresting the Plaintiff despite there being absolutely no justification for the misconduct of the Defendant Officers. The Defendant's position suggests that the Plaintiff must have been doing something to justify the Officers' misconduct and therefore something nefarious on the part of the Plaintiff must have occurred prior to the Plaintiff's arrest in order to explain the Officers' unconstitutional conduct. The Defendants' demand is logically untenable and a position the Plaintiff cannot take because the officers were in fact absolutely without justification for their actions and the Plaintiff was not doing anything suspicious or unlawful prior to being arrested. Dkt. 1, Complaint, ¶ 6-10. Thus, the Plaintiff would have to manufacture a spurious story in order to meet the Defendant's request.

The Defendant's argument is that it is implausible that the Defendant Officers would ever arrest the Plaintiff without the Plaintiff doing something to incite the Officers' conduct. The Defendant's argument is contrary to both well settled law and simple logic. The controlling inquiry is whether the Complaint alleges facts which, if taken as true, give rise to a plausible claim of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the instant complaint, the Plaintiff was at a cookout at a private residence on the afternoon of July 4, 2017 at approximately 1:25p.m. Dkt. 1, Complaint, ¶ 6. The Complaint goes on to state that at no time was Shondrell

Stephenson violating any laws, rules or ordinances. Dkt. 1, Complaint, ¶10. Further, the Complaint states that there had not been any calls or complaints alleging a disturbance at the cookout. Dkt. 1, Complaint, ¶ 9. There were never any calls or complaints alleging that the Plaintiff or anyone else at the Fourth of July cookout were violating any laws, rules or ordinances. Dkt. 1, Complaint, ¶ 9. The Defendant Officers without authority or probable cause made entry into the private residence without a warrant. Dkt. 1, Complaint, ¶ 7. The Defendant Officers after entry arrested the Plaintiff without any suspicion, probable cause or justification. Dkt. 1, Complaint, ¶ 7.  Detailed factual allegations are not necessary, rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Court is required to draw all reasonable inferences in the Plaintiff's favor. *See, e.g. Pugh v. Tribune Co.,* 521 F.3d 686, 692 (7th Cir. 2008). Applying these principles to the present facts as stated in the Complaint the Defendant's motion to dismiss must be denied.

### B. Plaintiff Voluntarily Dismisses Counts I, II and V.

The Plaintiff does not agree with the Defendants' arguments or proposed statements of "fact" that fall outside the four corners of the Plaintiff's complaint. Nor does the Plaintiff adopt or agree with the Defendants summations, conclusions, descriptions and interpretations cited in Defendants' motion to dismiss. The Plaintiff does however voluntarily move to dismiss Counts I, II and V and thus join the Defendants in moving to dismiss Counts I, II and V only.

### C. Plaintiff's Conspiracy Claim Is Not Subject To Immunity

The Defendant Officers argue that the conduct of Officers Ortiz and Altenbach is protected by the "intracorporate conspiracy doctrine." This doctrine is an antitrust based doctrine that does

not apply to civil rights conspiracy claims under Section 1983. [I]n police misconduct cases, most courts have found the doctrine inapplicable. In such cases, the alleged conduct is usually "not the product of routine police department decision-making." *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1085 (N.D. Ill. 2015). To date, however, the Seventh Circuit has not said whether the doctrine extends to Section 1983 claims. *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1085 (N.D. Ill. 2015). [C]ourts in this district have concluded that the doctrine is inapplicable if the alleged misconduct is "not the product of routine police department decision-making." *Thomas v. City of Blue Island*, 178 F. Supp. 3d 646, 654 (N.D. Ill. 2016)

The general thrust of the doctrine is that "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1085 (N.D. Ill. 2015). The doctrine applies only when the agents of a corporation or government entity act within the scope of their employment in joint pursuit of the entity's lawful business. *Travis*, 921 F.2d at 110; *Payton v. Rush-Presbyterian-St. Luke's Medical Center.*, 184 F.3d 623, 633 (7th Cir. 1999) (holding that the doctrine applies "so long as all are working in the corporation's (or governmental entity) interest"). *Harris v. City of Chicago*, No. 20 CV 4521, 2020 WL 7059445, at *5 (N.D. Ill. Dec. 2, 2020). Here, Officers Ortiz and Altenbach arrested Shondrell Stephenson knowing that the arrest was without probable cause and without legal justification. Dkt. 1, Complaint, ¶ 13. Officers Ortiz and Altenbach then commenced criminal proceedings against Shondrell Stephenson knowing the charges to be false in order to cover up their misconduct. Dkt. 1, Complaint, ¶ 14. [T]he deprivation of civil rights is unlawful and the intra-corporate doctrine only applies when members of a corporation are jointly pursuing the corporation's 'lawful business.' " *Piercy v. Warkins,* No. 14 CV 7398, 2017 WL 1477959, at *20 (N.D. Ill. Apr. 25,

2017). It cannot be said, that the Officers falsely arresting the Plaintiff and commencing criminal proceedings without probable cause or legal justification, is lawful or accomplishes routine business functions.

Similarly, the intra-conspriacy doctrine does not apply when the Defendants are acting out of personal bias. *Hartman v. Board of Trustees of Community College Dist 508, Cook County, Ill*, 4 F.3d 465, 470 (7th Cir. 1993); *Howard v. Board of Educ. of Sycamore Community Unit School Dist. No. 427*, 893 F.Supp. 808, 819 (N.D. Ill. 1995). Here, the relevant purpose of the defendants' conspiracy was to cover up for their own misconduct. *See id*. Therefore, the interests of the corporation served no role in the defendants' decision.

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Seventh Circuit has noted that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "'Because an immunity defense usually depends on the facts of the case,' and because plaintiffs are 'not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity,' dismissal at the pleading stage is typically inappropriate." *Liska v. Dart*, 60 F. Supp. 3d 889, 902–03 (N.D. Ill. 2014) (quoting *Alvarado* 267 F.3d at 651–52).

In analyzing qualified immunity defenses, a court considers "(1) whether the plaintiff's allegations make out a deprivation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Siliven v. Ind. Dep't of Child Servs*., 635 F.3d 921, 925–26 (7th Cir. 2011) (citing *Pearson*, 555 U.S. at 232). A plaintiff

shows that the right at issue was clearly established "by showing that there is a clearly analogous case establishing a right to be free from the specific conduct at issue or that the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). Officials can be "on notice that their conduct violates established law even in the absence of earlier cases involving fundamentally similar or materially similar facts." *Currie v. Chhabra*, 728 F.3d 626, 632 (7th Cir. 2013).

In the Plaintiff's Complaint, it is clearly stated that Defendant Officers commenced criminal proceedings against Shondrell Stephenson with full knowledge that there was no probable cause or legal justification. The Complaint states that the conduct was willful and wanton and done to cover up their misconduct. Manuel v. Joliet clearly establishes that the Fourth Amendment prohibits government officials from detaining a person without probable cause, and continues to govern claims for unlawful pretrial detention even beyond the start of legal process. *Manuel v. City of Joliet*, 137 S.Ct. 911, 918 (2017). Further, this was well settled law at the time the misconduct that formed the basis of this lawsuit occurred. As early as 1988 in Jones v. City of Chicago, the Seventh Circuit expressly affirmed a finding of Section 1983 conspiracy against Chicago police officers. *Jones v. Chicago*, 856 F.2d 985, 992-94 (7th Cir. 1988). It is apparent that the facts as stated in the Complaint more than satisfy the requirements at this stage in the litigation. Thus, the Defendants are not shielded from liability through claiming qualified immunity.

WHEREFORE the Plaintiff, Shondrell Stephenson, respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss and provide any further relief this Court deems equitable and just.

**Dated: 15 April 2021**

    Respectfully Submitted,

    **SHONDRELL STEPHENSON**

By:   /s/ Brandon Brown

*Plaintiff's Attorney*

THE BROWN LAW LTD.
4455 S. King Drive
Suite 100A
Chicago, Illinois 60653
T: (773) 624-8366
F: (773) 624-8365
E: bbrown@thebrownlaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies, on oath, that the foregoing, PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, was served on all counsel of record via the Court's electronic filing system or CM/ECF on:

on Thursday, April 15, 2021.

/s/Brandon Brown