UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHONDRELL STEPHENSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 21-cv-338 |
| v. ) | |
| ) | |
| CITY OF CHICAGO and CHICAGO POLICE ) | Judge Sharon Johnson Coleman |
| OFFICERS WILFREDO ORTIZ, Star #9748, ) | |
| and ADAM ALTENBACH, Star #13832 ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Shondrell Stephenson sued the City of Chicago, police officer Wilfredo Ortiz, and police officer Adam Altenbach for violating the U.S. Constitution and various state laws during an arrest. Before the Court is defendants' motion to dismiss plaintiff's complaint [7]. Plaintiff voluntarily dismissed Counts I, II, and V, so the only disputed counts are Counts III (unlawful pretrial detention), IV (conspiracy to deprive constitutional rights), VI (malicious prosecution), and VII (indemnification). For the reasons set forth below, the motion is granted.

**I.     Background**

The following facts are taken from plaintiff's complaint, which the Court must accept as true for purposes of a motion to dismiss. The Court notes that the following recitation of facts is brief given plaintiff's limited factual allegations in his complaint. On July 4, 2017, plaintiff was at a "friends and family" cookout celebrating Independence Day. Compl. ¶ 6. At around 1:25pm, officers Ortiz and Altenbach entered the "private residence located at 10019 S. State Street" and arrested him. *Id.* at ¶¶ 6-7. Plaintiff alleges that the officers arrested him without any justification and that plaintiff was not violating any laws immediately before or during his arrest. Plaintiff further

1

alleges that the officers "commenced criminal proceedings" against him knowing there was no probable cause to arrest him. *Id.* at ¶ 11.

## II. Legal Standard

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Formulaic" recitations of the elements of a cause of action are insufficient. *Id.* at 555.

## III. Analysis

Plaintiff repeatedly alleges throughout the complaint that the officers did not have probable cause to arrest him. *See generally* Compl. The complaint also alleges that the defendant officers had not received any calls of disturbances at plaintiff's location. *Id.* at ¶ 9. The complaint does not allege factual details surrounding the basis of the unlawful pretrial detention and conspiracy claims. The complaint also does not allege factual detail regarding the arrest such as the crimes he was arrested for, how long plaintiff was detained for, or if plaintiff is currently incarcerated. The Court agrees with defendants that the complaint "leaves completely to the speculation of the reader what occurred on July 4, 2017." Dkt. 7, Defendants' Motion to Dismiss, at 9.

Without more detail, this Court cannot determine if plaintiff has a cognizable cause of action. For example, section 1983 claims cannot proceed until criminal proceedings end in the defendant's favor or the resulting conviction has been invalidated. *See Savory v. Cannon*, 947 F.3d

409, 418 (7th Cir. 2020). The instant complaint merely alleges that the criminal proceedings were resolved "in a manner affirmative and indicative of the Plaintiff's innocence." Compl. ¶ 12. This vague, conclusory statement is insufficient for purposes of a motion to dismiss.

For Fourth Amendment claims and Illinois malicious prosecution claims, plaintiffs must adequately allege that the defendants lacked probable cause. *See McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009); *see also Washington v. Summerville*, 127 F.3d 522, 557 (7th Cir. 1997). Plaintiff's allegations that the defendants lacked probable cause are conclusory and insufficient to state a claim. *See Roldan v. Town of Cicero*, 2018 WL 1469011, at *5 (N.D. Ill. Mar. 26, 2018) (citing *Daniels v. Southfort*, 6 F.3d 482, 484-485 (7th Cir. 1993) and *Sherrod v. Travis,* 2013 WL 593955, at *4 (N.D. Ill. Feb. 15, 2013), dismissing bare allegations that defendants arrested plaintiffs without probable cause). Plaintiff's section 1983 claims (unlawful pretrial detention and conspiracy) and malicious prosecution claims are dismissed without prejudice. Plaintiff's indemnification claim is also dismissed since plaintiff failed to respond to defendants' motion to dismiss that claim.

### IV. Conclusion

Defendants' motion to dismiss [7] is granted. Plaintiff's complaint is dismissed without prejudice and plaintiff has 30 days to file an amended complaint. **IT IS SO ORDERED**.

Date: August 11, 2021    Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge