UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHONDRELL STEPHENSON, ) <br> ) <br>         Plaintiff, ) <br> ) <br> ) <br>     v. ) <br> ) <br> CITY OF CHICAGO, CHICAGO POLICE ) <br> OFFICER WILFREDO ORTIZ, and ) <br> CHICAGO POLICE OFFICER ADAM ) <br> ALTENBACH, ) <br> ) <br>         Defendants. ) | Case No. 21 C 0338 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shondrell Stephenson brings a Fourth Amendment unlawful pretrial detention claim and a conspiracy claim under 42 U.S.C. § 1983, along with the state law claims of malicious prosecution and indemnification pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Before the Court is defendants' motion to dismiss Stephenson's federal claims brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion.

**Background**

On July 4, 2017, Stephenson was at a "friends and family" cookout located at 10019 S. State Street in Chicago. Stephenson was celebrating Independence Day when Chicago Police Officers Wilfredo Ortiz and Adam Altenbach allegedly entered the property without a warrant, articulable suspicion, or any other lawful basis, and then arrested him. He alleges the officers fabricated a story that he illegally possessed a firearm. After his arrest, the officers commenced criminal proceedings against him based on this fabricated story.

On March 17, 2018, after spending eight months at the Cook County Jail as a pretrial detainee, Stephenson was released on bond with the condition of electronic monitoring. On January 29, 2020, a jury found Stephenson not guilty of all charges. Stephenson claims his pretrial detention and bond conditions interfered with his normal life and that he experienced financial stress, emotional anxiety, and physical injuries.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

*Fourth Amendment Pretrial Detention Claim*

Defendants first argue that Stephenson cannot bring his unlawful pretrial detention claim under the Fourteenth Amendment, but instead must bring it under the Fourth Amendment. *See Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019). Stephenson agrees, and thus the Court

turns to whether he has sufficiently alleged his claim under the Fourth Amendment, which prohibits unreasonable searches and seizures. Pretrial detention is a seizure and is justified by probable cause. *See Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). "Probable cause exists when a reasonable officer could have believed a crime had been or was being committed." *Gaddis v. DeMattei*, 30 F.4th 625, 631 (7th Cir. 2022).

In his complaint, Stephenson's allegations about his pretrial detention include that he was detained and prosecuted based on fabricated information that he unlawfully possessed a firearm. Stephenson further alleges defendant officers did not have probable cause to arrest him because he did not violate any laws, rules, or ordinances before he was arrested or while he was being arrested. Also, Stephenson states defendant officers did not observe him commit a crime and that they did not receive any dispatch calls for disturbances at the house. Last, Stephenson maintains that on July 4, 2017 he did not have a gun. Under these allegations, Stephenson has plausibly alleged defendant officers did not have probable cause to arrest him. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense). The Court therefore denies defendants' motion to dismiss in this respect.

*Statute of Limitations*

Next, defendants argue Stephenson's unlawful pretrial detention claim is time-barred by the two-year statute of limitations applied to constitutional claims brought in Illinois federal courts. *See Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021). At issue is when Stephenson's Fourth Amendment claim accrued. In general, "a claim accrues when a plaintiff has "a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (citation omitted). Here, defendants characterize Stephenson's claim as a straight-forward unlawful pretrial detention claim, which accrues when the plaintiff's detention ceases. *Mitchell v. City of Elgin*, 912 F.3d

3

1012, 1015 (7th Cir. 2019). In their motion, defendants argue that Stephenson's pretrial detention claim accrued when he was released on bond with electronic monitoring on March 7, 2018—over two years before Stephenson filed this lawsuit on January 20, 2021. Stephenson, however, asserts that his detention ended on January 29, 2020 when the jury found him not guilty of the criminal charges brought against him, namely, when his criminal proceedings ended in his favor.

Stephenson first argues that the bond condition of electronic monitoring constituted a seizure, along with the time he spent at the Cook County Jail. Defendants disagree relying on *Smith v. City of Chicago*, 3 F.4th 332 (7th Cir. 2021)—a case the Supreme Court vacated on April 18, 2022 in light of *Thompson v. Clark,* 142 S.Ct. 1332 (2022). In *Smith*, the Seventh Circuit concluded that bond conditions requiring a defendant to appear in court and request permission to leave the state did not constitute a seizure. *Id.* at 341. The vacated *Smith* decision did not discuss electronic monitoring while on bond, but stated, "we do not foreclose the possibility that a bond condition might constitute a Fourth Amendment seizure." *Id.* at 342. Indeed, in *Mitchell*, the Seventh Circuit concluded a "pretrial release might be construed as a 'seizure' for Fourth Amendment purposes if the conditions of that release impose significant restrictions on liberty." *Mitchell*, 912 F.3d at 1016. Because the Seventh Circuit's line of cases concerning bond conditions is in a state of flux, the Court turns to Stephenson's second accrual argument based on *McDonough v. Smith*, ––– U.S. –––, 139 S. Ct. 2149, 204 L.Ed.2d 506 (2019), and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Stephenson's argument involves characterizing his claim as more than a straight-forward pretrial detention claim because he also alleges that defendant officers fabricated a story that he illegally possessed a firearm in order to arrest and later prosecute him. In *McDonough*, the Supreme Court determined that *Heck's* favorable termination requirement applied not only to plaintiffs who have been convicted, but also to plaintiffs who were subject to ongoing criminal proceedings. *See*

4

*McDonough*, 139 S.Ct. at 2154-57; *Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc). In doing so, the Supreme Court reasoned that plaintiffs who are subject to ongoing criminal proceedings do not have a "complete and present cause of action" for accrual purposes until the criminal proceedings have ended in plaintiffs' favor. *McDonough*, 139 S.Ct. at 2158.

Under Stephenson's allegations that the defendant officers used fabricated evidence to arrest and prosecute him, *Heck* supplies the rule for accrual, and thus Stephenson's Fourth Amendment and conspiracy claims are timely because they accrued on the favorable termination date, January 29, 2020. *See Savory,* 947 F.3d at 417. Simply put, "given the nature of his Fourth Amendment claim, a finding that [Stephenson's] detention in jail was unconstitutional would imply the invalidity of the charges brought against him, *Heck* barred that claim until those charges were dismissed." *Culp v. Flores*, 454 F.Supp.3d 764, 769 (N.D. Ill. 2020) (Feinerman, J.).

*Supplemental Jurisdiction*

Last, defendant officers ask the Court to relinquish its supplemental jurisdiction over Stephenson's state law claims of malicious prosecution and indemnification because his federal claims are untimely. *See* 28 U.S.C. § 1367(c)(3); *Black Bear Sports Group, Inc. v. Amateur Hockey Assoc. of Illinois, Inc.*, 962 F.3d 968, 972 (7th Cir. 2020). Because Stephenson's claims are timely, the Court will not relinquish its supplemental jurisdiction at this time.

**Conclusion**

For these reasons, the Court denies defendants' Rule 12(b)(6) motion to dismiss [24].

**IT IS SO ORDERED.**

Date: 5/17/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5