IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| SHONDRELL STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 cv 338 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Honorable Judge Lindsay C. Jenkins |
| | ) | |
| Defendants. | ) | Magistrate Judge Jeffrey Gilbert |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT ADDING MONELL CLAIM AND ADDITIONAL DEFENDANTS**

NOW COMES the Plaintiff, Shondrell Stephenson, pursuant to Fed. R. Civ. P. 15(a)(2), moving for Leave to File an Amended Complaint. In support thereof, Plaintiff states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff originally filed his complaint naming Defendant Officers Wilfredo Ortiz and Adam Altenbach. Dkt. 1.

2. Due to, inter alia, delays in discovery and litigating repeatedly substantively unsuccessful motions to dismiss filed by the Defendants, discovery progress has been somewhat delayed.

3. Between March 9, 2023 and the week of April 17, 2023 the Plaintiff has received supplemental discovery productions, produced by the Defendants, concerning the widespread misconduct of the Defendants and the City of Chicago. The Plaintiff submits that said records should have been produced long before now.

4. On March 28, 2023, Defendant Wilfredo Ortiz was deposed on the instant matter and provided information implicating other officers with respect to the instant complaint and relative unlawful conduct.

5. Further, the recently produced discovery provides information relative to the litigation that calls for an amendment to the pending complaint. Specifically, under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 Led.2d 611 (1978).

6. Accordingly, Plaintiff now seeks leave to amend his complaint to address these issues by adding the *Monell* claim along with the adding additional Defendants.

## LEGAL STANDARD

7. This Court has broad discretion to grant a plaintiff leave to file an amended complaint when justice so requires. See Fed. R. Civ. P. 15(a)(2).

8. "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted).

9. "The well settled rule is that a party may amend its complaint once as a matter of right, twice or more only at the district court's discretion." *United States v.Sanford-Brown, Ltd.*, 788 F.3d 696, 706 (7th Cir. 2015).

10. However, Courts may deny a proposed amendment when, "the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743

(7th Cir. 2008).

11. Whether to grant a motion to file an amended pleading is a matter purely within the sound discretion of the district court. *See Soltys*, 520 F.3d at 743.

## ARGUMENT

12. Here, Plaintiff's proposed amendment would not unduly prejudice any party. However, it would serve the best interests of justice as the objective is, "to decide cases fairly on their merits." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

13. Plaintiff has made no prior motions to amend the complaint and no deadlines to amend the complaint have passed.

14. Furthermore, given the present status of the case, no party would be unduly prejudiced by allowing this amendment as the case is still in discovery with only one named Defendant deposed and outstanding matters still pending. *See Chapman v. Wagener Equities, Inc.*, No. 09 cv 7299, 2012 WL 62144597, at *3 (N.D. Ill. Dec. 13, 2012) (granting leave to file an amended complaint over two years after the initial complaint had been filed, after discovery had been closed, and finding no undue prejudice to the defendant even if additional discovery would be required).

15. Additionally, there has been no undue delay as Plaintiff's intention to file an amended complaint was communicated to defense counsel promptly

3

upon receiving the previously undisclosed information.

16. Furthermore, in this Circuit, delay alone is usually an insufficient ground to warrant denial of leave to amend. Rather, "[d]elay must be coupled with some other reason." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004); *See Tragarz v. Keene Corp.,* 980 F.2d 411, 432 (7th Cir. 1992)("delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party").

17. Accordingly, this Court should grant Plaintiff's motion for leave to file and amended complaint.

WHEREFORE the Plaintiff, SHONDRELL STEPHENSON, respectfully requests this Honorable Court grant his motion for Leave to File an Amended Complaint, and grant any such further relief it deems equitable and just.

**Dated: 24 April 2023**               Respectfully Submitted,

**SHONDRELL STEPHENSON**


By: /s/ Brandon Brown

The Brown Law Ltd.
4455 S King Drive
Suite 100A
Chicago, IL. 60653
T: (773) 624-8366
F: (773) 624-8365
E: bbrown@thebrownlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies, on oath, that the foregoing, PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT ADDING MONELL CLAIM AND ADDITIONAL DEFENDANTS, was served on all counsel of record via the Court's electronic filing system or CM/ECF on:

on Monday, April 24, 2023.

/s/Brandon Brown